**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

DAVID CULLIVAN, # S-03907,       )
       )
       Plaintiff,       )
       )
vs.       )       Case No. 13-cv-00666-GPM
       )
VIENNA CORRECTIONAL CENTER,       )
       )
       Defendant.       )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff David Cullivan, an inmate currently incarcerated at Vienna Correctional Center ("Vienna"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff's claims arise from the conditions of his confinement at Vienna. Plaintiff seeks $70 million in damages and release from prison.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

**The Complaint**

The allegations in Plaintiff's complaint span two paragraphs (Doc. 1, p. 5). Included within these two paragraphs is a long, meaningless string of legal and nonsensical terms, which also appear in other prisoner complaints filed with this Court. In addition, Plaintiff alleges that

he was transferred to Vienna in late May 2013.   He was placed in Building #19.   There, he experienced the following:

> . . . [a] light fixture with no cover . . ., mold in the shower, broken toilet caked with hum[a]n feces, pipes on the outside of the wall covered in a fungus-like subst[a]nce, ceiling leaking in several place[s] and . . . rats and insects.

(Doc. 1, p. 5).   In addition, Plaintiff complains of asbestos.

Plaintiff sues Vienna for constitutional violations, gross negligence, and criminal malfeasance, among other things.   Plaintiff seeks $70 million in damages and immediate release from prison (Doc. 1, p. 6).

## DISCUSSION

After fully considering the allegations in the complaint, the Court concludes that it fails to state any cognizable claim and shall be dismissed.   Plaintiff attempts to assert an Eighth Amendment claim based on the conditions of his confinement.   However, Plaintiff's complaint is so deficient and devoid of factual allegations that it fails to satisfy minimal pleading standards.

In order to prevail on an Eighth Amendment claim based on unconstitutional conditions of confinement, Plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims.   *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991).   The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992).   The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society.   *Id.*   The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046,

1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

Plaintiff's complaint falls short of satisfying the objective component of an Eighth Amendment claim.   Plaintiff seems to allege that the conditions of his confinement violate constitutional standards.   According to the complaint, Plaintiff "experienced" a "light fixture with no cover," "mold in the shower," a "broken toilet caked with hum[a]n feces," pipes covered with a fungus-like substance, a leaky ceiling, asbestos, and rats and insects (Doc. 1, p. 5).   Most people, whether confined in prison or not, have experienced these conditions at some point. However, momentary exposure to these conditions does not necessarily give rise to a constitutional claim.   Plaintiff's failure to provide any level of detail regarding the level or length of his exposure to these conditions, his proximity to these conditions, or the effects of this exposure on him, if any, doom his complaint, even at this early stage in litigation.

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim.   The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted.   *Jackson*, 955 F.2d at 22.   The subjective component requires that a prison official had a sufficiently culpable state of mind.   *Wilson*, 501 U.S. at 298; *see also McNeil,* 16 F.3d at 124.   In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference.   *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).

Plaintiff's complaint also fails to satisfy the subjective component of an Eighth Amendment claim.  The complaint fails to identify one specific defendant who was aware of the alleged unconstitutional conditions in Building #19 and exhibited deliberate indifference toward inmate health and safety.  A complaint must include allegations that are sufficient to put a specific defendant on notice of the claims, so that the defendant may respond to the complaint. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); FED. R. CIV. P. 8(a)(2).

In sum, Plaintiff has failed to state when, where, how, and by whom his rights were violated.  Moreover, Vienna Correctional Center is not an entity subject to being sued in a civil rights action.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).  Likewise, the Vienna Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit.  *See Will*, 491 U.S. at 71.

Additionally, Plaintiff's statement that he has not availed himself of the prisoner grievance procedure because one is not available indicates that this lawsuit may have been premature (Doc. 1, p. 4).  And finally, it is worth noting the Court cannot order Plaintiff's immediate release from prison in a civil rights action. Plaintiff may seek such relief through an appeal or post-conviction challenge to his conviction in the Illinois state courts, or possibly in a federal habeas corpus petition under 28 U.S.C. § 2254, once he has exhausted all state court remedies.  This case, therefore, is **DISMISSED with prejudice**.

4

## DISPOSITION

The case is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.  **DEFENDANT VIENNA CORRECTIONAL CENTER** is also **DISMISSED with prejudice** from this action.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** September 6, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge